■ PARCSIDE EQUITY, LLC, Respondent, v LEONARD FREEDMAN, Appellant. LEONARD FREEDMAN, Counterclaim Plaintiff-Appellant, v PARCSIDE EQUITY, LLC, Counterclaim Defendant-Respondent. [947 NYS2d 461]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered September 8, 2011, in favor of plaintiff, and bringing up for review an order, same court and Justice, entered

July 8, 2011, which, to the extent appealed from, denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment declaring that defendant's offer to sell his life insurance policies to plaintiff was irrevocable as a matter of law, unanimously affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Key to this transaction to sell defendant's life insurance policies to plaintiff was paragraph 11 of the subject contract, which stated: "Performance. This Agreement has been executed first by the Seller as an offer to sell the Policy hereunder, which offer shall be open for acceptance by the Purchaser until 5:00 P.M. on October 17, 2008, at which time the offer shall be deemed to be withdrawn if this contract has not been returned to the Purchaser and in the Purchaser's sole discretion accepted by the Purchaser by that date or any other date selected by the Purchaser."

As the motion court properly found, this language—in addition to the numerous documents incorporated with the contract, or executed contemporaneously with the contract on October 8, 2008, which were various "irrevocable" authorizations and consent forms related to the transfer of these policies—clearly referenced the sale of defendant's life insurance policies to plaintiff, the mutual agreement of the parties, and an intent that such offer be irrevocable (see *PETRA CRE CDO 2007-1, Ltd. v Morgans Group LLC*, 84 AD3d 614, 615 [2011], *lv denied* 17 NY3d 711 [2011]; *American Cyanamid Co. v Elizabeth Arden Sales Corp.*, 331 F Supp 597, 605 [SD NY 1971]).

Defendant nonetheless argues that, even if the offer was irrevocable, it was irrevocable only until October 17, 2008, the "time stated" for revocability, pursuant to General Obligations Law § 5-1109. This section provides: "[W]hen an offer to enter into a contract is made in a writing signed by the offeror, or by his agent, which states that the offer is irrevocable during a period set forth or until a time fixed, the offer shall not be revocable during such period or until such time because of the absence of consideration for the assurance of irrevocability. When such a writing states that the offer is irrevocable but does not state any period or time of irrevocability, it shall be construed to state that the offer is irrevocable for a reasonable time."

Under the plain language of the contract, plaintiff retained the express right to accept the "irrevocable offer" at its "sole discretion" on any "date selected." This provision is therefore subject only to the "reasonable time" criterion of General

Obligations Law § 5-1109. Applying this standard, it would have been impossible for plaintiff to accept the "irrevocable offer" by October 17, 2008 as the contract was not received back from defendant until on or about October 23, 2008, and all required documentation and information was not provided until November 20, 2008. Under these facts and a plain reading of General Obligations Law § 5-1109, as well as paragraph 11 of the subject contract, the motion court properly found that plaintiff's acceptance by December 4, 2008 "was reasonable as a matter of law."

Because the motion court found the offer irrevocable, it properly declined to consider any of the extrinsic evidence. Yet, even if it had, the undisputed facts establish that, while defendant's representatives attempted to negotiate a higher sale price for one of the life insurance policies, the offer was never actually revoked. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.